**[ORAL ARGUMENT NOT SCHEDULED]**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE D.C. CIRCUIT

| | |
|---|---|
| Global Health Council, *et al.*,<br>　　　　　Plaintiffs-Appellees,<br><br>v.<br><br>Donald J. Trump, *et al.*,<br>　　　　　Defendants-Appellants.<br>————————<br>AIDS Vaccine Advocacy Coalition, *et al.*,<br>　　　　　Plaintiffs-Appellees,<br><br>v.<br><br>United States Department of State, *et al.*,<br>　　　　　Defendants-Appellants. | Nos. 25-5097, 25-5098 |

**UNOPPOSED MOTION TO EXPEDITE APPEAL**

Pursuant to Federal Rule of Appellate Procedure 27, the government respectfully moves to expedite this appeal pursuant to the schedule proposed below. Plaintiffs do not oppose this motion. In support of this motion, the government states as follows:

1. These consolidated cases arise out of the Executive Branch's ongoing realignment of its approach to foreign assistance programs. Initially,

the President directed a pause in obligations and disbursements of certain foreign assistance funds to enable time to review foreign assistance programs "for programmatic efficiency and consistency with United States foreign policy." *See* Exec. Order No. 14,169, § 3, 90 Fed. Reg. 8619 (Jan. 30, 2025). The U.S. Department of State and the U.S. Agency for International Development then conducted the contemplated review and determined whether to terminate or continue particular foreign assistance awards. *See* Dist. Ct. Op. 9.

Shortly after the initial pause, plaintiffs—organizations that receive, or have members who receive, federal funds for foreign assistance work—brought this suit. As relevant here, plaintiffs preemptively challenge any determination by the Executive Branch not to expend foreign assistance funds that have been appropriated by Congress. *See generally* Dist. Ct. Op. 29-38. The district court granted plaintiffs' motions for a preliminary injunction on that challenge and ordered the government to "make available for obligation the full amount of funds that Congress appropriated for foreign assistance programs in the Further Consolidated Appropriations Act of 2024." *Id.* at 48.

2

2. The government has now appealed the preliminary injunction and intends to challenge on appeal the portion of the injunction directing the government to make billions of dollars in foreign assistance funds available for obligation. The government understands that portion of the injunction to require the government to make available covered funds before they expire, which will happen as soon as September 30, 2025, for some of the funds at issue. To comply with that direction, the government will be required to begin obligating and expending funds, potentially irretrievably, before that deadline. Thus, for the government to receive effective relief if it prevails on appeal, the government requires resolution in advance of September 30.

For those reasons, the government respectfully requests that this Court expedite this appeal and issue a decision by August 15, 2025. To that end, the government requests that the Court set a briefing schedule whereby the government's opening brief would be due May 9, 2025; plaintiffs' response briefs would be due June 17, 2025; and the government's reply brief would be due July 1, 2025. The government would then stand ready to present oral argument at the Court's convenience following the completion of briefing, if the Court determines that argument would be helpful in resolving this appeal. The government hopes that adoption of such a schedule would

allow the Court to resolve this appeal on the merits while forestalling the need for the government to seek emergency relief in this Court.

3. Counsel for plaintiffs have informed the government that plaintiffs consent to this motion.

Respectfully submitted,

DANIEL TENNY
SEAN R. JANDA

*/s/ Brian J. Springer*
BRIAN J. SPRINGER
*Attorneys, Appellate Staff*
*Civil Division, Room 7537*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 616-5446*
*brian.j.springer@usdoj.gov*

April 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 499 words, according to the count of Microsoft Word.

                                               */s/ Brian J. Springer*
                                               Brian J. Springer