# In the United States Court of Appeals for the District of Columbia Circuit

GLOBAL HEALTH COUNCIL, *et al.*,

*Plaintiffs-Appellees*,

*v.*

DONALD J. TRUMP, *et al.*,

*Defendants-Appellants.*

AIDS VACCINE ADVOCACY COALITION, *et al.*,

*Plaintiffs-Appellees*,

*v.*

DEPARTMENT OF STATE, *et al.*,

*Defendants-Appellants.*

On Appeal from the United States District Court for the District of Columbia

## APPELLEES' MOTION FOR LEAVE TO FILE SURREPLY

Lauren E. Bateman
Nicolas A. Sansone
Allison M. Zieve
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for AIDS Vaccine Advocacy Coalition, et al.*

William C. Perdue
Sally L. Pei
Stephen K. Wirth
Samuel F. Callahan
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-5000

Daniel F. Jacobson
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(301) 823-1148

*Counsel for Global Health Council, et al.*

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27, Plaintiffs-Appellees respectfully request leave to file a brief surreply to address an issue that Defendants-Appellants have raised in their reply brief for the first time in this appeal. The proposed surreply is submitted along with this motion.

The lead argument of Defendants' reply brief is that, under the Supreme Court's decision in *Dalton v. Specter*, 511 U.S. 462, 474 (1994), Plaintiffs cannot assert a separation-of-powers claim. While surreplies are not the norm in this Circuit, this Court has granted leave to file them when, as here, a reply brief raises an important threshold argument for the first time in an appeal. *See, e.g.*, *Citizens for Resp. & Ethics in Wash. (CREW) v. Fed. Election Comm'n*, 904 F.3d 1014, 1016 (D.C. Cir. 2018); *see* Pls.'-Appellees' Mot. for Leave to File at 1–2, *CREW*, No. 18-5261 (D.C. Cir. Sept. 12, 2018) (seeking leave to file a surreply after the appellant, "[f]or the first time in its reply," argued that the plaintiff lacked standing). A written response to Defendants' new argument is warranted for the same reason here.

In addition, a surreply would be particularly beneficial here because it would simplify the appeal and help avoid the "risk of an improvident or ill-advised opinion on the legal issues tendered." *McBride v. Merrell Dow &*

*Pharms., Inc.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986). That is because the argument raised for the first time in Defendants' reply—that Plaintiffs have not stated a claim for violation of the separation of powers—is forfeited for purposes of this appeal. Defendants raised this same argument below; the district court rejected it, and Defendants did not raise it in their opening appellate brief. This Court strictly applies a rule that arguments raised for the first time in reply briefs are forfeited. *See, e.g.*, *Jones Lang LaSalle Americas, Inc. v. NLRB*, 128 F.4th 1288, 1296 (D.C. Cir. 2025). Given the centrality of this new argument to Defendants' reply brief, Plaintiffs should be given an opportunity, through a surreply, to explain why this Court's forfeiture rule governs here.

Moreover, were this Court to depart from its consistent practice of refusing to consider arguments raised for the first time on reply, it would be important for the Court in advance of oral argument to have a response to Defendants' argument. As explained in the proposed surreply, Defendants' broad characterization of *Dalton* is unsupported by that decision and subsequent decisions of this Court. Because Defendants did not raise their argument in their opening brief, Plaintiffs had no occasion to present these authorities in their response brief.

Defendants have stated that they take no position on this motion.

## CONCLUSION

The Court should grant leave to file Plaintiffs' motion for leave to file the attached surreply.

Dated: June 24, 2025                                  Respectfully Submitted,

/s/ *Lauren E. Bateman*                               /s/ *Stephen K. Wirth*
Lauren E. Bateman                                     William C. Perdue
Nicolas A. Sansone                                    Sally L. Pei
Allison M. Zieve                                      Stephen K. Wirth
PUBLIC CITIZEN LITIGATION GROUP                       Samuel F. Callahan
1600 20th Street NW                                   ARNOLD & PORTER
Washington, DC 20009                                    KAYE SCHOLER LLP
(202) 588-1000                                        601 Massachusetts Avenue NW
                                                      Washington, DC 20001
*Counsel for AIDS Vaccine*                            (202) 942-5000
*Advocacy Coalition, et al.*

Daniel F. Jacobson
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(301) 823-1148

*Counsel for Global Health Council,*
*et al.*

# CERTIFICATE OF COMPLIANCE

I certify, pursuant to Federal Rule of Appellate Procedure 27(d), that the attached motion contains 466 words and complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Century font.

Dated: June 24, 2025        /s/ Stephen K. Wirth
                                                               Stephen K. Wirth

# CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I caused the foregoing document to be electronically filed using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: June 24, 2025　　　　　　　　　　　　*/s/ Stephen K. Wirth*　　　
　　　　　　　　　　　　　　　　　　　　　　Stephen K. Wirth