# In the United States Court of Appeals for the District of Columbia Circuit

GLOBAL HEALTH COUNCIL, *et al.*,
*Plaintiffs-Appellees*,

*v.*

DONALD J. TRUMP, *et al.*,
*Defendants-Appellants.*

AIDS VACCINE ADVOCACY COALITION, *et al.*,
*Plaintiffs-Appellees*,

*v.*

DEPARTMENT OF STATE, *et al.*,
*Defendants-Appellants.*

On Appeal from the United States District Court for the District of Columbia

## SURREPLY BRIEF FOR APPELLEES

Lauren E. Bateman
Nicolas A. Sansone
Allison M. Zieve
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for AIDS Vaccine
Advocacy Coalition, et al.*

William C. Perdue
Sally L. Pei
Stephen K. Wirth
Samuel F. Callahan
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-5000

Daniel F. Jacobson
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(301) 823-1148

*Counsel for Global Health Council,
et al.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................ii

SURREPLY ............................................................................................................1

ARGUMENT ...........................................................................................................1

I.   Defendants Have Forfeited Their Argument.............................................1

II.  Defendants' Argument Lacks Merit...........................................................3

CONCLUSION.........................................................................................................9

CERTIFICATE OF COMPLIANCE .................................................................10

CERTIFICATE OF SERVICE ..........................................................................11

# TABLE OF AUTHORITIES

**Cases and Other Authority**             Pages

*Chamber of Commerce of United States v. Reich,*
    74 F.3d 1322 (D.C. Cir. 1996)................................................................6

*Dalton v. Specter,*
    511 U.S. 462 (1994)....................................................1, 3, 4, 5, 6, 7, 8

*Fore River Residents Against the Compressor Station v. FERC,*
    77 F.4th 882 (D.C. Cir. 2023) ...........................................................2

*In re Aiken County,*
    725 F.3d 255 (D.C. Cir. 2013)........................................................5, 6

*Jones Lang LaSalle Americas, Inc. v. NLRB,*
    128 F.4th 1288 (D.C. Cir. 2025) ......................................................1, 2

*Maine Lobstermen's Ass'n v. Nat'l Marine Fisheries Serv.,*
    70 F.4th 582 (D.C. Cir. 2023) ...........................................................2

*McBride v. Merrell Dow & Pharms., Inc.,*
    800 F.2d 1208 (D.C. Cir. 1986)........................................................1, 3

*Shands v. Comm'r of Internal Revenue,*
    111 F.4th 1 (D.C. Cir. 2024) .............................................................2

*TIG Ins. Co. v. Republic of Argentina,*
    110 F.4th 221 (D.C. Cir. 2024) ..........................................................2

*Trump v. Thompson,*
    20 F.4th 10 (D.C. Cir. 2021) .............................................................2

*VTCU Corp. v. NLRB,*
    123 F.4th 501 (D.C. Cir. 2024) ..........................................................2

*Youngstown Sheet & Tube Co. v. Sawyer,*
    343 U.S. 579 (1952)................................................................4, 5, 8

Exec. Order No. 14,169,
    90 Fed. Reg. 8619 (Jan. 20, 2025)........................................................8

**SURREPLY**

For the first time in this appeal, Defendants asserted in their reply brief that, under *Dalton v. Specter*, 511 U.S. 462, 474 (1994), Plaintiffs in these consolidated cases may not assert separation-of-powers claims. Plaintiffs submit this surreply to explain why that assertion is both forfeited and meritless.

**ARGUMENT**

**I.   Defendants Have Forfeited Their Argument.**

The lead argument in Defendants' reply is that, under *Dalton*, Plaintiffs' constitutional separation-of-powers claims fail because they are predicated on statutory violations. *See* Defs. Reply 2–8. That argument is forfeited. Defendants' opening brief did not make any argument about the unavailability of separation-of-powers claims and did not so much as cite *Dalton*.

"It is well established that issues not raised until the reply brief are forfeited." *Jones Lang LaSalle Americas, Inc. v. NLRB*, 128 F.4th 1288, 1296 (D.C. Cir. 2025). This Court enforces this rule strictly, recognizing that "[c]onsidering an argument advanced for the first time in a reply brief … is not only unfair to an appellee, but also entails the risk of an improvident or ill-advised opinion on the legal issues tendered." *McBride v. Merrell Dow &*

*Pharms., Inc.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986) (citations omitted). In the last two years alone, this Court has invoked this rule in six different published opinions to refuse to address arguments not raised in an opening brief. *See Jones Lang LaSalle*, 128 F.4th at 1296–97; *VTCU Corp. v. NLRB*, 123 F.4th 501, 509 (D.C. Cir. 2024); *Shands v. Comm'r of Internal Revenue*, 111 F.4th 1, 9 (D.C. Cir. 2024); *TIG Ins. Co. v. Republic of Argentina*, 110 F.4th 221, 239 (D.C. Cir. 2024); *Fore River Residents Against the Compressor Station v. FERC*, 77 F.4th 882, 889 (D.C. Cir. 2023); *Maine Lobstermen's Ass'n v. Nat'l Marine Fisheries Serv.*, 70 F.4th 582, 594 (D.C. Cir. 2023). And the Court applies the rule to federal agencies, *see, e.g.*, *Nat'l Marine Fisheries Serv.*, 70 F.4th at 594, and to arguments implicating questions about presidential authority and the separation of powers, *see Trump v. Thompson*, 20 F.4th 10, 45 (D.C. Cir. 2021).

Defendants have no justification for waiting until their reply brief to raise this argument, which they raised below but chose not to present in their opening brief. In the district court, Defendants made the same argument that they make in their reply brief, and the district court addressed and rejected it. JA71 n.17. The district court's injunction also unambiguously rested on the conclusion that Defendants' actions likely violated the separation of powers.

The relevant section of the district court's memorandum opinion was titled "Plaintiffs Will Likely Prevail On Their Constitutional Claims." JA63; *see also id.* ("Plaintiffs also assert that Defendants are acting in violation of the separation of powers."); *see also id.* JA80 (addressing the "separation of powers claims" under "Scope Of Relief").

Had Defendants wished to argue that the district court erred in rejecting their argument about the viability of Plaintiffs' separation-of-powers claim, they should have made that argument in their opening brief on appeal. Whatever the reason for Defendants' choice not to do so, they have forfeited it for purposes of this appeal.

## II. Defendants' Argument Lacks Merit.

The incomplete picture of *Dalton* that Defendants present at this late stage underscores the risks of an "improvident or ill-advised opinion" resolving Defendants' forfeited argument. *McBride*, 800 F.2d at 1211. If the Court considers the argument, however, it should reject it.

**A.** Plaintiffs' separation-of-powers claim rests on Congress's power of the purse under the Constitution, as exercised through appropriations laws that command the Executive Branch to spend money for specified purposes. Plaintiffs allege—and the district court found—that "the Executive has

attempted to usurp Congress's power over the purse in violation of the separation of powers," by ignoring Congress's mandates to spend specific sums of money for specific purposes. JA71 n.17. Defendants, in other words, are violating a nondiscretionary duty to carry out Congress's spending mandates as expressed through appropriations statutes.

Defendants' argument that Plaintiffs cannot assert their separation-of-powers claims rests on a misunderstanding of *Dalton*. In *Dalton*, "[t]he President [was] said to have violated the terms" of a statute governing closure of military bases by "accepting procedurally flawed" recommendations issued by a federal commission for the closure of the Philadelphia Naval Shipyard. 511 U.S. at 474, 476. While the Court assumed "that some claims that the President has violated a statutory mandate are judicially reviewable outside the framework of the APA," it stated that "such review is not available when the statute in question commits the decision to the discretion of the President." *Id.* at 474. And there, the governing statute did "not at all limit the President's discretion in approving or disapproving the Commission's recommendations." *Id.* at 476.

In so holding, the Court contrasted the plaintiffs' constitutional claim with the one properly raised by the plaintiff in *Youngstown*, where the

President had asserted an "inherent constitutional power" to take the challenged action. *Id.* at 473 (citing *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 585, 587 (1952)).

**B.** This Court's precedent confirms that *Dalton* does not foreclose all constitutional claims that relate to statutory violations.

In *In re Aiken County*, this Court issued mandamus based on an agency's *constitutional* violation in refusing to "comply with the law as it has been set by Congress." 725 F.3d 255, 257 (D.C. Cir. 2013) (Kavanaugh, J.). There, the Nuclear Regulatory Commission had "declined to continue the statutorily mandated Yucca Mountain licensing process." *Id.* at 259. The Court held that, "[u]nder Article II of the Constitution and relevant Supreme Court precedents, the President must follow statutory *mandates*." *Id.* The Court further held that "our constitutional system of separation of powers would be significantly altered if [the Court] were to allow executive … agencies to disregard federal law." *Id.* at 267. Thus, the Court's "decision … rest[ed] on the constitutional authority of Congress, and the respect that the Executive and the Judiciary properly owe to Congress." *Id.* at 267. There is no way to reconcile *Aiken*'s constitutional holding with Defendants' contention that

statutory violations cannot establish independently actionable separation-of-powers claims.

Consistent with *Aiken County*, in *Chamber of Commerce of United States v. Reich*, 74 F.3d 1322 (D.C. Cir. 1996), this Court held that Dalton's reach is limited to claims predicated on statutes giving the President wide discretionary in taking action. The Court held that "*Dalton*'s holding merely stands for the proposition that when a statute entrusts a discrete specific decision to the President and contains no limitations on the President's exercise of that authority, judicial review of an abuse of discretion claim is not available." *Id.* at 1331. In *Reich*, the government argued, using language markedly similar to Defendants' here, that *Dalton* foreclosed the plaintiff's constitutional claims because they were "statutory claims in constitutional dress." Br. for Appellee at 23, *Reich*, 1995 WL 17204619 (Oct. 26, 1995). Rejecting the government's argument, this Court explained that "*Dalton* is inapposite where the claim instead is that the presidential action—not one, it should be added, even contemplated by Congress—independently violates" the statute at issue. *Reich*, 74 F.3d at 1332.

**C.** *Dalton* accordingly does not aid defendants here, for two independent reasons.

*First*, as in *Aiken* and in sharp contrast to *Dalton*, Plaintiffs here have alleged violations of *non-discretionary* statutory mandates. As the district court explained, "Plaintiffs assert that the Executive has attempted to usurp Congress's power over the purse in violation of the separation of powers, and there is no asserted or plausible argument that the President is simply exercising discretionary authority conferred by statute." JA71 n.17. *See* Pls. Br. 32–44; Pls. Ltr. Supp. Auth. (June 16, 2025).

*Second*, as Defendants acknowledge, *Dalton* does not foreclose separation-of-powers claims where "executive officers rely on" the Constitution "as an independent source of authority to act." Reply Br. 5. Although they claim that such facts are not presented here, *id.*, they spend many pages defending their actions based on the "constitutional" "Executive Branch discretion in the sphere of foreign affairs." Defs. Br. 47; *see id.* at 47–57; Reply Br. 15–16. Moreover, in the district court, Defendants relied *solely* on constitutional, not statutory, authority in responding to the separation-of-powers claims: They asserted the President's purported "vast and generally unreviewable" constitutional powers over foreign affairs. JA36. They did not

argue that the appropriations statutes did not require them to spend the sums appropriated. And the challenged executive actions did not invoke statutory authority. *See, e.g.*, Exec. Order No. 14,169, 90 Fed. Reg. 8619 (Jan. 20, 2025). Thus, like in *Youngstown*, "[t]he only basis of authority asserted"—until this appeal—"was the President's inherent constitutional power." *Dalton*, 511 U.S. at 473 (distinguishing *Youngstown*).

**D.** Finally, in arguing that *Dalton* forecloses Plaintiffs from obtaining relief, Defendants omit that the district court independently held that "Plaintiffs would be likely to succeed on their claims that Defendants acted *ultra vires*" in impounding funds "beyond the scope" of their statutory authority. JA72 n.18. Plaintiffs have not "disclaimed" this alternative ground for affirmance as Defendants seem to suggest. Reply Br. 3. The Court may affirm on this alternative, non-constitutional ground.

# CONCLUSION

The Court should affirm the decision below.

Dated: June 24, 2025

Respectfully Submitted,

/s/ Lauren E. Bateman
Lauren E. Bateman
Nicolas A. Sansone
Allison M. Zieve
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for AIDS Vaccine Advocacy Coalition, et al.*

/s/ Stephen K. Wirth
William C. Perdue
Sally L. Pei
Stephen K. Wirth
Samuel F. Callahan
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-5000

Daniel F. Jacobson
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(301) 823-1148

*Counsel for Global Health Council, et al.*

## CERTIFICATE OF COMPLIANCE

I certify, pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B), that the attached brief contains 1,524 words and complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Century font.

Dated: June 24, 2025                              */s/ Stephen K. Wirth*
                                                 Stephen K. Wirth

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, I caused the foregoing document to be electronically filed using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: June 24, 2025

*/s/ Stephen K. Wirth*
Stephen K. Wirth