

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7260
Washington, DC 20530

Tel: (202) 514-3388

July 3, 2025

VIA CM/ECF

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, DC 20001

RE:     *Global Health Council v. Trump*;
        *AIDS Vaccine Advocacy Coalition v. Department of State*,
        Nos. 25-5097, 25-5098 (D.C. Cir.)

Dear Mr. Cislak:

      We write to advise the Court of the Supreme Court's decision in *Trump v. CASA*, No. 24A884 (June 27, 2025), which bears on the proper scope of any injunctive relief in this case. In *CASA*, the Supreme Court addressed "universal injunctions," which are injunctions that bar the defendant from enforcing "a law or policy against *anyone*," in contrast to an injunction that bars the defendant from enforcing the challenged law or policy against the plaintiff. Op. 1. The Supreme Court explained that "Congress has granted federal courts no such power," Op. 5, as universal injunctions have no historical analogue in equity practice, Op. 5-11.

      Instead, the governing principle is that a court granting equitable relief "may administer complete relief *between the parties*." Op. 16 (quotation omitted). "Under this principle, the question is not whether an injunction offers complete relief to everyone potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief *to the plaintiffs before the court*." Op. 17. And even then, "[c]omplete relief is

not a guarantee—it is the maximum a court can provide." Op. 18. Thus, "the broader and deeper the remedy the plaintiff wants, the stronger the plaintiff's story needs to be." *Id.* (quotation omitted).

These principles demonstrate the error of the district court's injunction, which requires defendants to make available for obligation all foreign assistance funds appropriated by the Further Consolidated Appropriations Act of 2024 without regard to whether plaintiffs may receive each segment of funds. *See* Gov't Br. 62-64. In defending that broad relief, plaintiffs have relied in part on the argument that universal relief is "appropriate" where defendants have "relied on a categorical policy" and "the facts would not require different relief for others similarly situated to the plaintiffs." Pls. Br. 56-57 (quotation and alteration omitted). The Supreme Court's reasoning in *CASA* makes clear that argument is incorrect.

Sincerely,

*/s/ Sean R. Janda*
Sean R. Janda

cc: Counsel of Record (via CM/ECF)